IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| BRANDON GILL, individually and for others similarly situated, | * * * |
| Plaintiff, | * Civil Action No.: * |
| vs. | * * |
| KIRKHAM SOLUTIONS STAFFING, INC. and MICHAEL KIRKHAM | * * * |
| Defendants. | * * |

## FLSA COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff, Brandon Gill, brings this action against his former employers, Kirkham Solutions Staffing, Inc. and Michael Kirkham, and alleges as follows:

I.

## INTRODUCTION

Plaintiff, Brandon Gill, brings this lawsuit against Defendants, Kirkham Solutions Staffing, Inc. and Michael Kirkham, under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et. seq.*, and the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. Ann. §§95-25.1, *et seq.,* for unpaid overtime, liquidated damages, attorneys' fees and costs. Plaintiff and the Collective and Class Members, as defined below, worked for Defendants as internet service installers and were misclassified as overtime exempt independent contractors. This claim is brought as a collective action under 29 U.S.C. §216(b) on behalf of all "Field Technicians" employed by Defendants within the last three (3) years and a class action under Fed. R. Civ. P. 23 on behalf of all "Field Technicians" employed by Defendants in North Carolina within the last two (2) years.

## II.

## JURISDICTION AND VENUE

1. Plaintiff brings claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.* This Court has subject matter jurisdiction under 28 U.S.C. §1331. This Court has personal jurisdiction over Defendants as both conduct substantial business within the State of North Carolina.

2. Plaintiff also brings claims for violation of the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. Ann. §§95-25.1, *et seq.,* to recover unpaid overtime under §95-25.4. This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 for the pendant state law claims because they arise out of the same nucleus of operative facts as the FLSA claims.

3. Venue is proper in this District and Division under 28 U.S.C. §1391, as the acts giving rise to the claims asserted herein occurred within this Court's jurisdiction.

## III.

## PARTIES

4. Plaintiff, Brandon Gill is a major, individual, domiciled in Rutherford County, State of North Carolina.

5. Plaintiff has consented to filing the instant action. (Exhibit "A").

6. Defendant Kirkham Solutions Staffing, Inc. is a limited liability company domiciled in the State of Indiana, not authorized to but doing business in the State of North Carolina, and may be served through its agent, Michael Kirkham, 1646 Quinn Creek Dr., Brownsburg, Indiana 46112.

7. Defendant Michael Kirkham is a major individual domiciled in the State of Indiana, who may be served at 1646 Quinn Creek Dr., Brownsburg, Indiana 46112.

IV.

**COVERAGE UNDER THE FLSA AND NCWHA**

8. Defendants were and are employers within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

9. Defendants were and are an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

10. Defendants were and are an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

11. Defendants, Plaintiff and the Collective and Class Members (as defined below) used cell phones, computers, materials, supplies and equipment that was manufactured in or purchased and shipped from states other than North Carolina, accepted checks and electronic payments through interstate banks and provided its employees with paychecks by electronic deposit and performed work in multiple states, all of which constitute interstate commerce.

12. Defendants are and have been employers within the meaning of Section 95-25.2(5) of the NCWHA, N.C. Gen. Stat. §95-25.2(5).

13. At all times hereinafter mentioned, Plaintiff and NCWHA Class Members are/were employees withing the meaning of Section 95-25.2(5) of the NCWHA, N.C. Gen. Stat. §95-25.2(5).

## V.

## FACTS

14. Defendant Kirkham Solutions Staffing, Inc. provides internet installation services for customers in various states.

15. Defendant Michael Kirkham is an owner and manager of Defendant Kirkham Solutions Staffing, Inc.

16. Although Plaintiff and the Collective and Class Members worked directly for Defendant Kirkham Solutions Staffing, Inc., Defendant Michael Kirkham was and is a joint employer who employed Plaintiff and all Collective and Class Members and participated directly in employment decisions regarding their rights for which they seek redress herein.

17. Defendant Michael Kirkham is and has been actively involved in managing the operations of Defendant Kirkham Solutions Staffing, Inc.

18. Defendant Michael Kirkham exercised authority and control over Defendant Kirkham Solutions Staffing, Inc.'s pay policies, including the unlawful policies and practices alleged herein.

19. Defendant Michael Kirkham created, maintained and applied the unlawful payroll practice of misclassifying Plaintiff and the Collective and Class Members as overtime exempt independent contractors in violation of the FLSA and the NCWHA.

20. Defendant Michael Kirkham set and maintained Plaintiff and the Collective and Class Members' rates and method of pay and work schedules.

21. Defendant Michael Kirkham exercised employee discipline, training, supervision, control and the ability to hire and fire Plaintiff and the Collective and Class Members.

22. Defendant Michael Kirkham is, and has been, an "employer" of Plaintiff and the Collective and Class Members within the meaning of the FLSA, 29 U.S.C. §203(d) and the NCWHA.

23. Defendants utilize workers such as Plaintiff and the Collective and Class Members as "Field Technicians" to perform internet service installation in residential and business locations and classifies these workers as independent contractors.

24. Plaintiff was employed by Defendants from approximately April 6, 2021 to July 22, 2021 as a Field Technician and worked in various states, including North Carolina

25. Defendants pay Field Technicians an hourly rate. Plaintiff's hourly rate was $25.00 per hour.

26. Plaintiff and the Field Technicians performed no duties that qualified for any exemption from the overtime requirements of the FLSA or the NCWHA.

27. Field Technicians work well over forty (40) hours per week and receive no overtime pay.

28. Typically, Field Technicians work(ed) over fifty (50) hours per week without overtime compensation.

29. For example, Plaintiff worked fifty-two (52) hours during the workweek of June 6, 2021 to June 12, 2021. Plaintiff was paid straight time only at his regular rate of pay for all hours worked and was not paid overtime at one and one half his regular rate of pay for hours worked over forty (40).

30. Plaintiff's work schedule and pay structure was typical of other Field Technicians.

5

31. Despite the fact that Plaintiff and Collective and Class Members worked more than forty (40) hours per week, Defendants failed to pay them overtime compensation at a rate of time and a half their regular hourly rate of pay for hours worked over forty (40) in a workweek.

32. Defendants have employed and are employing other individuals as Field Technicians who perform(ed) the same or similar job duties under the same payment scheme as Plaintiff and the Collective and Class Members.

33. Defendants misclassified Plaintiff and Collective and Class Members as independent contractors, when in fact, they were employees.

34. At all times relevant to this case, Defendants had knowledge of Plaintiff's and the Collective and Class Members' regular and overtime work. Defendants scheduled and assigned work and set deadlines for work to be completed. Plaintiff's and the Collective and Class Members' work benefitted Defendants.

35. Plaintiff and the Collective and Class Members were granted minimal discretion or independent judgment in the method and manner that work was performed. Instead, many of the job duties of a Field Technician were controlled by Defendants. Plaintiff and the other Field Technicians were required to follow Defendants' policies, procedures and rules governing internet installation.

36. Plaintiff and the other Field Technicians were required to perform their jobs under Defendants' supervision and were required to report to and check in with Defendants.

37. Plaintiff and the Collective and Class Members did not set their own schedules. Instead, Defendants assigned work to Plaintiff and the other Field Technicians and determined their schedules. Because Defendants controlled their work schedules, Plaintiff and the other Field Technicians were not free to do work for other employers.

6

38. Plaintiff and the other Field Technicians were required to use equipment provided by Defendants to perform internet installation for Defendants.

39. The determining factor as to whether Plaintiff and the Collective Members were employees or independent contractors cannot be regulated by any contract or agreement. Instead, the test for determining whether an individual is an "employee" under the FLSA is the economic reality test. *See, Rutherford Food Corp. v. McComb*, 331 U.S. 722, 727 (1947). Under the economic reality test, employee status turns on whether the individual is, as a matter of economic reality, in business for himself and truly independent or, rather, is economically dependent upon finding employment in others.

40. Courts generally utilize the following factors to determine economic dependence and employment status:

    a. The degree of control exercised by the alleged employer;

    b. The relative investment of the alleged employer and employee;

    c. The degree to which the employee's opportunity for profit and loss is determined by the employer;

    d. The skill and initiative required in performing the job;

    e. The permanency of the relationship; and

    f. The degree to which the alleged employee's tasks are integral to the employer's business.

41. Applying the economic reality test, Plaintiff and the Collective and Class Members were economically dependent on Defendants for all their income and were thus employees and not independent contractors.

42. Plaintiff and the Collective and Class Members were not in business for themselves and were not truly independent, but rather were economically dependent upon employment with Defendants.

43. Plaintiff and the Collective and Class Members were not engaged in an occupation or business distinct from that of Defendants. To the contrary, the work performed by Plaintiff and the Collective and Class Members was integral to and the basis of Defendants' business of internet installation.

44. Defendants retained complete and total control over the activities of Plaintiff and the Collective and Class Members and regulated all aspects of the job.

45. Plaintiff's and the Collective and Class Members' economic status was inextricably linked to conditions over which Defendants had complete control, including, but not limited to, the assignment and scheduled hours of work shifts, detailed specifications for how they were expected to perform their work, and instructions for obtaining prior approval from Defendants to deviate from job specifications.

46. Plaintiff's and the Collective and Class Members' financial investment was minor compared to the investment made by Defendants in the business at hand. All capital and risk belong to Defendants. Absent Defendants' investment in the provision of customers to whom Plaintiff and the Collective and Class Members provided services, no money would be earned.

47. The jobs of Plaintiff and the Collective and Class Members as Field Technicians were an integral part of Defendants' business of providing internet installation and was critical to Defendants' success.

# VI.

## COLLECTIVE ALLEGATIONS

48. Plaintiff and the Collective Members performed the same or similar job duties as one another in that they provided internet service installation for Defendants.

49. Plaintiff and the Collective Members were classified as independent contractors and not employees, in violation of the FLSA.

50. All of Defendants' Field Technicians are paid an hourly rate. None are paid overtime.

51. Plaintiff and the Collective Members were subjected to the same pay practice by being paid an hourly rate and not compensated at time-and-one-half for all hours worked in excess of forty (40) hours in a workweek as they were misclassified as independent contractors. Thus, the Collective Members are owed overtime wages for the same reasons as Plaintiff.

52. Defendants' misclassification of the Field Technicians as independent contractors and failure to compensate Plaintiff and Collective Members for all hours worked in excess of forty (40) hours in a workweek, as required by the FLSA, results from a uniform common policy or practice.

53. Application of this policy or practice does not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policy or practice of classifying Plaintiff and the Collective Members as independent contractors and FLSA overtime exempt, in violation of the FLSA, resulted in the non-payment of overtime to Plaintiff applies to all Collective Members.

54. Accordingly, the FLSA Collective is defined as:

All Field Technicians who performed work for Kirkham Solutions Staffing, Inc. within the last three (3) years and who were not paid an overtime premium for all hours worked in excess of forty (40) in a workweek.

VII.

## VIOLATION OF THE FLSA FOR FAILURE TO PAY
## OVERTIME COMPENSATION

55. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

56. Plaintiff and the Collective Members are/were entitled to be paid one and one-half times their regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

57. During his employment with Defendants, Plaintiff and the Collective Members regularly worked more than forty (40) hours in a workweek and were not paid one and one-half times their regular rate of pay for all hours worked in excess of forty (40) in a workweek.

58. In addition, Defendants did not maintain or keep accurate time records as required by the FLSA for Plaintiff and the Collective Members.

59. Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the Collective Members.

60. Defendants did not act in good faith or in reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. §201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters, or (d) the Code of Federal Regulations.

61. Defendants were previously sued for violations of the FLSA based on a substantially similar payment scheme. Defendants did not act in good faith in formulating their pay practices. During the relevant period of within the last three (3) years, Defendants violated §7(a)(1) and §15(a)(2) of the FLSA by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as

aforesaid for one or more workweeks without compensating such employees for their work at a rate of at least one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

62. Defendants also failed to post required FLSA informational listings as required by the FLSA for Plaintiff and the Collective Members. As a result of Defendants' willful violation of the FLSA, Plaintiff and the Collective Members are entitled to liquidated damages.

63. As a result of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiff and the Collective Members one and one-half times their regular rate of pay for each hour worked in excess of forty (40) per work week in one or more workweeks, Plaintiff and the Collective Members have suffered damages plus reasonable attorneys' fees and costs.

## VIII.

### VIOLATION OF THE NORTH CAROLINA WAGE AND HOUR ACT
### FOR FAILURE TO PAY OVERTIME WAGES (NCWHA Class)

64. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

65. Defendants failed to pay earned wages in violation of N.C. Gen. Stat. Ann. § 95-25.6.

66. Specifically, Defendants failed to pay Plaintiff and the NCWHA Class Members overtime wages for all hours worked over forty (40) in a workweek.

67. In the event the FLSA does not apply, and/or as an alternative thereto, Plaintiff, individually and on behalf of the NCWHA Class Members, seeks payment of overtime wages.

68. The NCWHA requires employers to pay non-exempt employees one and a half times the regular rate of pay for all hours worked over forty (40) hours in a workweek. N.C. Gen.Stat. Ann. § 95-25.4.

69. Defendants suffered and permitted Plaintiff and the NCWHA Class Members to routinely work more than forty (40) hours in a workweek without proper overtime compensation as required by the NCWHA, N.C. Gen. Stat. Ann. § 95-25, *et seq.*, and its implementing regulations.

70. Defendants knew or showed reckless disregard for the fact that they failed to pay these individuals proper overtime compensation in violation of the NCWHA.

71. Defendants' failure to comply with the NCWHA caused Plaintiff and the NCWHA Class Members to suffer loss of wages and interest thereon.

72. Defendants also deducted unfair and excessive costs, including vehicle payments, insurance, vehicle repairs, and other expenses from Plaintiff's and the NCWHA Class Members' pay, in violation of the NCWHA.

73. Plaintiff and the NCWHA Class Members are entitled to repayment of all wage deductions, to all unpaid overtime wages in the event the FLSA does not apply, liquidated damages, interest, and attorneys' fees and costs under the NCWHA.

IX.

**NCWHA CLASS ACTION ALLEGATIONS**

74. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

75. Plaintiff files this action on behalf of himself and the NCWHA Class defined as:

> All Field Technicians who performed work for Kirkham Solutions Staffing, Inc. in the State of North Carolina within the last three (2) years and who were not paid an overtime premium for all hours worked in excess of forty (40) in a workweek.

76. Defendants' practice and policy of not paying overtime and taking improper wage deductions affects Plaintiff and the NCWHA Class Members and is a willful violation of

12

the NCWHA.

77. NCWHA Class Members are victims of Defendants' unlawful compensation practices and are similarly situated to Plaintiff in terms of job duties, pay and employment practices.

78. Defendants' failure to pay overtime as required by the NCWHA results from a generally applicable, systematic policy and practice and is not dependent on the personal circumstances of any individual employee. Thus, Plaintiff and the NCWHA Class Members are similarly situated employees.

79. The specific job titles or precise job requirements of the NCWHA Class Members do not prevent class treatment under the NCWHA. All similarly situated employees, regardless of their precise job requirements or rates of pay, are entitled to be paid overtime for all hours worked over forty (40) in a workweek. Although the issue of damages may be individual, there is no detraction from the common nucleus of liability facts.

80. Plaintiff shares the same interests as the NCWHA Class and will be entitled under the NCHWA to unpaid overtime compensation, liquidated damages, attorneys' fees and costs, and lost interest owed to them under nearly identical factual and legal standards as the NCWHA Class.

81. Plaintiff's state law class claims satisfy the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of a class action under Fed. R. Civ. P. 23.

82. The NCWHA Class meets the numerosity requirement of Rule 23(a)(1) because Defendants have employed numerous hourly workers over the class period who were denied overtime. The precise number of NCWHA Class Members should be readily available from a

review of Defendants' personnel, scheduling, time, payroll, and billing records and from input received from the NCWHA Class Members.

83. The NCWHA Class meets the commonality requirement of Rule 23(a)(2) because Defendants engaged in a common course of conduct that violated the legal rights of Plaintiff and the NCWHA Class. Any individual questions that Plaintiff's claims present will be far less central to this litigation than the numerous material questions of law and fact common to the NCWHA Class, including, but not limited to:

   a. Whether Defendants maintained common policies or practices that denied Plaintiff and NCWHA Class Members overtime;

   b. In the event the FLSA does not apply, whether Defendants violated the NCWHA by not paying Plaintiff and the NCWHA Class Members overtime wages;

   c. Whether Defendants' conduct was willful; and

   d. Whether Defendants should be required to pay compensatory damages, liquidated damages, attorneys fees and costs, and interest for violating North Carolina state law.

84. The NCWHA Class meets the typicality requirement of Rule 23(a)(3) because Plaintiff and the NCWHA Class Members were all employed by Defendants and performed their job duties without receiving entitled compensation owed for that work.

85. The NCWHA Class meets the fair and adequate protection requirement of Rule 23(a)(4) because there is no apparent conflict of interest between Plaintiff and the NCWHA Class Members, and because Plaintiff's attorneys have successfully prosecuted many complex class actions, including wage and hour and collective actions, and will adequately represent the interestof Plaintiff and the NCWHA Class Members.

86. The NCWHA Class meets the predominance requirement of Rule 23(b)(3) because issues common to the NCWHA Class predominate over any questions affecting only individual members, including, but not limited to, whether Defendants calculated the NCWHA Class Members' compensation under the same formula in the same way.

87. The Class meets the superiority requirement of Rule 23(b)(3) because allowing the parties to resolve this controversy through a class action would permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort, or expense that numerous individual actions would engender.

88. Given the material similarity of the NCWHA Class Members' claims, even if each NCWHA Class Member could afford to litigate a separate claim, this Court should not countenance or require the filings of numerous identical actions. Individual litigation of the legal and factual issues raised by Defendants' conduct would cause unavoidable delay, a significant duplication of efforts, and an extreme waste of resources. Alternatively, proceeding by way of a class action would permit the efficient supervision of the Class's claims, create significant economies of scale for the Court and parties, and result in a binding, uniform adjudication on all issues.

**PRAYER**

WHEREFORE, Plaintiff, Brandon Gill, prays for relief as follows:

a. An Order allowing this action to proceed as a collective action under the FLSA and directing notice to all similarly situated workers;

b. For Judgement finding Defendants are joint employers and are jointly liable for unpaid overtime wages, liquidated damages, attorneys' fees and costs under the FLSA;

c. An award of pre- and post-judgment interest on all amounts awarded at the highest rate allowable by law;

d. All such other and further relief to which Plaintiff and those similarly situated may show themselves to be justly entitled;

e. An Order certifying this action as a class action under the NCWHA and designating Plaintiff as class representative and undersigned as class counsel on behalf of the class;

f. For Judgement finding Defendants are joint employers and are jointly liable for unpaid overtime wages due to Plaintiff and the NCWHA Class Members, and for liquidated damages equal in amount to the unpaid compensation under the NCWHA;

g. For an award of costs of this action as provided under the NCWHA;

h. For an award of attorneys' fees as provided under the NCWHA;

i. For an award of pre- and post-judgment interest; and

j. For any and all other and further relief as may be necessary and appropriate.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Respectfully Submitted:

By: /s/ Brian L. Kinsley
Brian L. Kinsley (N.C. Bar Roll No. 38683)
CRUMLEY ROBERTS, LLP
2400 Freeman Mill Road, Suite 200
Greensboro, NC 27406
Telephone: 336-333-9899
Facsimile: 336-333-9894
blkinsley@crumleyroberts.com

Philip Bohrer (to be admitted pro hac vice)

*phil@bohrerbrady.com*
Scott E. Brady (to be admitted pro hac vice)
*scott@bohrerbrady.com*
BOHRER BRADY, LLC
8712 Jefferson Highway, Suite B
Baton Rouge, Louisiana   70809
Telephone: (225) 925-5297
Facsimile: (225) 231-7000

17